UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE FINK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE HANOVER INSURANCE GROUP, INC., et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-03907-JST<br><br>**ORDER GRANTING MOTION TO DISMISS AND CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: ECF No. 19, 21 |

Plaintiff Jesse Fink filed this lawsuit against Defendants The Hanover Insurance Group, Inc. and Massachusetts Bay Insurance Company ("Defendants") bringing claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory judgment. Complaint ("Compl."), ECF No. 1. Fink alleges that Defendants have refused to provide business interruption insurance under his Property Coverage, General Liability Premium, and Additional Coverage Premium policy. *Id.* ¶¶ 5, 9; *see also* Insurance Policy ("Policy"), ECF No. 20 at 6-160.[1] Fink claims that he is entitled to coverage based on the state and county orders mandating the closure of his business due to the COVID-19 pandemic. Compl. ¶ 50. As set forth below, the Court finds that Fink is not entitled to coverage and will grant Defendants' motion.[2]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

---

[1] Pursuant to both parties' unopposed requests, the Court will take judicial notice of insurance policy that is the subject of the dispute, ECF No. 20; public health orders issued by the State of California and City and County of San Francisco related to business operations during the coronavirus pandemic, *id.*; and a number of orders and transcripts from other COVID-19 insurance cases across the country, ECF Nos. 20, 22, 31, 34.

[2] The parties do not dispute that the Court has jurisdiction under 28 U.S.C. §1332(d)(2).

662, 678 (2009) (citation and internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted).

In a California insurance case, like the present matter, the interpretation of an insurance policy is question of law for the court in which the court must "look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995). "While insurance contracts have special features, they are still contracts to which the ordinary rules of contractual interpretation apply." *Bank of the W. v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992). "If contractual language is clear and explicit, it governs." *Id.*

A necessary predicate to each of Fink's claims is a determination that he is entitled to insurance coverage under his policy. *See Cassio Place, Inc. v. Great Am. Ins. Co.*, No. C-95-3254 SI, 1996 WL 231034, at *2 (N.D. Cal. Apr. 30, 1996) (explaining that the success of the plaintiff's causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing depend entirely on a declaration of coverage). To answer this threshold question, the Court must examine Fink's unique policy and evaluate the terms of the agreement. *See Bank of the W.*, 2 Cal. 4th at 1264. Here, however, the relevant terms of Fink's policy are effectively identical to those analyzed by the Court in a recent decision raising largely the same claims. *See Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 20-cv-03213-JST, 2020 WL 5525171 (N.D. Cal. Sept. 14, 2020). The Court there granted the defendant's motion to dismiss, and the Court finds no reason to reach a contrary conclusion here.[3]

---

[3] The Court notes that several other courts, both inside and outside this district, have approved of its analysis. *See Water Sports Kauai, Inc. v. Fireman's Fund Ins. Co.*, No. 20-cv-03750-WHO, 2020 WL 6562332 (N.D. Cal. Nov. 9, 2020); *Robert W. Fountain, Inc. v. Citizens Ins. Co. of Am.*, No. 20-cv-05441-CRB, 2020 WL 7247207 (N.D. Cal. Dec. 9, 2020); *Long Affair Carpet & Rug, Inc. v. Liberty Mut. Ins. Co.*, No. SACV 20-01713-CJC, 2020 WL 6865774 (C.D. Cal. Nov. 12, 2020); *Michael Cetta, Inc. v. Admiral Indem. Co.*, No. 20 Civ. 4612 (JPC), 2020 WL 7321405 (S.D.N.Y. Dec. 11, 2020).

2

First, as in *Mudpie*, the Court concludes that Fink's policy does not provide for business income coverage. Fink's policy, like the policy in *Mudpie*, states that the insurer "will pay for the actual loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration.' The 'suspension' must be caused by the direct physical loss of or damage to a described premises . . . ." Compl. ¶ 37; *see also Mudpie*, 2020 WL 5525171, at *3.[4] The language in both the Fink and Mudpie policy explain that the "period of restoration" continues only until the property is "repaired, rebuilt, or replaced." Policy, ECF No. 20 at 109; *Mudpie*, 2020 WL 5525171, at *4. Further, both the Fink and Mudpie policies define "Covered Causes of Loss" as "[r]isks of direct physical loss," subject to exclusions and limitations. Compl. ¶ 42; *Mudpie*, 2020 WL 5525171, at *3. Finally, both policies contain a separate provision stating that the insurer "will not pay for loss or damage caused by or resulting from . . . loss of use or loss of market." Policy, ECF No. 20 at 94; *Mudpie*, 2020 WL 5525171, at *6.

In *Mudpie*, the Court held that the policyholder did not have a claim for business income coverage, resting its holding on three separate grounds. First, although it disagreed with the defendant's argument that policy language requiring a "direct physical loss of" property required a "physical alteration" of the property or a "physical change," the Court nonetheless found that the definition for the "period of restoration," during which coverage is owed, suggested the "loss" must at least include something "to fix, replace, or even disinfect for Mudpie to regain occupancy of its property." *Mudpie*, 2020 WL 5525171, at *4. Second, the Court determined that "direct physical loss of property" requires that "some outside physical force must have *induced* a detrimental change in the property's capabilities." *Id.* at *5. Third, the Court considered the separate "loss of use" provision and found that it "suggest[ed] that the 'direct physical loss of . . . property' clause was not intended to encompass a loss where property was rendered unusable without an intervening physical force." *Id.* at *6. Fink has alleged no loss at his property which can be fixed, replaced, or disinfected. Like Mudpie, he does not allege that "the presence of

---

[4] Mudpie's policy was identical except that it said that "'suspension' must be caused by direct physical loss of or damage to *property at* the described premises." *Mudpie*, 2020 WL 5525171, at *3 (emphasis added).

3

COVID-19 virus in [his business] created a physical loss." *See id.*; ECF No. 30 at 7 ("Plaintiff has not pleaded that the virus was present or caused any damage."); *cf. Studio 417, Inc. v. Cincinnati Ins. Co.*, No. 20-cv-03127-SRB, 2020 WL 4692385, at *4 (describing plaintiff's allegation that "COVID-19 allegedly attached to and deprived Plaintiffs of their property, making it 'unsafe and unusable, resulting in direct physical loss to the premises and property'"). Nor has Fink pointed to any other outside, intervening physical force responsible for the loss of use of his property. *Cf. TRAVCO Ins. Co. v. Ward*, 715 F. Supp. 2d 699, 709 (E.D. Va. 2010), *aff'd*, 504 F. App'x 251 (4th Cir. 2013) (finding direct physical loss where defendant's home was "rendered uninhabitable by the toxic gases released by the Chinese Drywall"); *Essex Ins. Co. v. BloomSouth Flooring Corp.*, 562 F.3d 399, 405 (1st Cir. 2009) (finding a colorable claim of physical injury to property from an "unwanted odor" that "permeated the building"); *Motorists Mut. Ins. Co. v. Hardinger*, 131 F. App'x 823, 825-26 (3d Cir. 2005) (considering there to be a genuine issue of fact as to whether the bacteria contamination was a "direct physical loss"). Therefore, like Mudpie, he is not eligible for business income coverage.[5]

Next, as in *Mudpie*, the Court concludes that Fink's policy does not provide for civil authority coverage. The Fink and Mudpie policies both provide that when a Covered Cause of Loss damages a property other than the described premises, then civil authority coverage is available for certain losses incurred "caused by action of civil authority that prohibits access to the described premises due to direct physical loss or damage to property within one mile of the described premises." Compl. ¶ 41; *see also Mudpie*, 2020 WL 5525171, at *6.[6] The Court in *Mudpie* explained that this policy language required the plaintiff to "establish the 'requisite causal link between damage to adjacent property and denial of access' to its store." 2020 WL 5525171,

---

[5] Fink's remaining argument is that because the policy "defines 'property damage' in an unrelated section to mean '[l]oss of use of tangible property that is not physically injured,'" the policy is therefore ambiguous and should be construed in his favor. *See* ECF No. 30 at 18. As explained, the Court does not interpret "direct physical loss of" to require "property damage," so the potential ambiguity of this term does not change the above analysis. *See also Mudpie*, 2020 WL 5525171, at *6 n.8.

[6] Mudpie's policy breaks these concepts into two clauses and provides for coverage when the direct physical loss of or damage to properties is within 100 miles of the described premises, but the policy is the same in relevant part. *See Mudpie*, 2020 WL 5525171, at *6.

4

at *7 (quoting *Syufy Enters. v. Home Ins. Co. of Ind.*, No. 94-0756 FMS, 1995 WL 129229, at *2 (N.D. Cal. Mar. 21, 1995)).  Here, as there, Fink alleges that the government closure orders were "intended to mitigate the COVID-19 pandemic," Compl. ¶ 96, and thus were "preventative."  In short, "the complaint does not establish the requisite causal link between prior property damage and the government's closure order." *Mudpie*, 2020 WL 5525171, at *7.

Because the Court finds that Fink's policy does not provide coverage for the reasons set forth above, the Court declines to consider Defendants' remaining arguments.  Each of Fink's claims requires a finding that he is entitled to some form of coverage.  *See id.*  Because the Court has determined that he is not so entitled, Defendants' motion to dismiss is granted.

## CONCLUSION

Defendants' motion to dismiss the complaint is granted without prejudice.  Fink may file an amended complaint solely to correct the deficiencies identified in this order. An amended complaint is due 21 days from the date of this order. If no amended complaint is filed, the Court will dismiss the case with prejudice.

The case management conference scheduled for January 26, 2021 is continued to March 30, 2021 at 2:00 p.m.  An updated case management statement is due March 23, 2021.

**IT IS SO ORDERED.**

Dated:  January 25, 2021



JON S. TIGAR
United States District Judge

5